### DONALD LEE WILLIAMSON *v.* COMMISSIONER OF CORRECTION
### (14406)

O'Connell, Foti and Heiman, Js.

Argued October 26—decision released December 5, 1995

*Neal Cone*, assistant public defender, with whom, on the brief, was *Paula Mangini Montonye*, assistant public defender, for the appellant (petitioner).

*Denise B. Smoker*, deputy assistant state's attorney, with whom were *Patricia A. Swords*, state's attorney, and, on the brief, *Pamela S. Meotti*, deputy assistant state's attorney, for the appellee (respondent).

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The habeas court also found as a fact that it was the petitioner himself who had failed to exercise his appellate rights after having been advised of those rights in open court by both counsel and the trial court, and after the trial court had ordered a sheriff to deliver to the petitioner the written notice of his right to appeal. The petitioner had walked away from the clerk when the clerk had attempted to hand the notice to the petitioner. The notice that was delivered to

the petitioner stated the time limit for appeal and that indigent persons have the right to apply for a waiver of fees, costs and expenses and for the appointment of counsel to prosecute the appeal. Practice Book § 945.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.