## JUAN ORTIZ *v.* COMMISSIONER OF CORRECTION
## (AC 16948)

Spear, Hennessy and Sullivan, Js.

Argued March 19—officially released June 9, 1998

*Raymond J. Rigat,* special public defender, for the appellant (petitioner).

*Richard F. Jacobson,* assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals from the dismissal of his petition for a writ of habeas corpus and the denial of his petition for certification to appeal.

The petitioner was convicted of murder in violation of General Statutes § 53a-54a (a). At his criminal trial, the petitioner raised the affirmative defense of extreme emotional disturbance to negate the specific intent required for conviction. He introduced circumstantial evidence that he was voluntarily intoxicated at the time of the crime. On his direct appeal to our Supreme Court, his conviction was affirmed. See *State* v. *Ortiz,* 217 Conn. 648, 588 A.2d 127 (1991).

The jury reasonably could have found the following facts. On June 7, 1988, at approximately 7 p.m., the police were called to 46 Wood Avenue in Bridgeport to investigate a stabbing. At that location, the police discovered the body of Myrna Ortiz, the petitioner's wife

who had been stabbed several times. Two eyewitnesses saw the petitioner stab the victim in the neck and back and drag her body into an alley. The petitioner then drove away in his automobile after cleaning the knife used in the crime and placing it on a cardboard box.[1]

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim that he was denied effective assistance of counsel. The petitioner claimed that his counsel failed (1) to pursue adequately plea bargaining on his behalf, (2) to obtain a timely mental health evaluation of the petitioner, (3) to request additional time for trial preparation, and (4) to prepare adequately for jury voir dire. The habeas court evaluated the petitioner's ineffective assistance of counsel claim in accordance with the two-pronged test espoused in *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The habeas court found that trial counsel adequately informed the petitioner of all pretrial plea bargain offers by the state and that the defendant voluntarily and knowingly rejected them. The habeas court also found that trial counsel requested mental health evaluations of the petitioner, and the court credited trial counsel's testimony that, at the time of voir dire, he believed that the petitioner's defense would center on the petitioner's alcoholism and intoxication on the date of the homicide to negate the specific intent required for murder. In addition, the habeas court found that trial counsel thoroughly questioned potential jurors during voir dire and was well prepared for trial. Upon a review of the trial transcript, the habeas court found that "the representation of the petitioner by [his counsel] was diligent and vigorous" and dismissed the petition.

Having reviewed the record and briefs and considered the oral arguments, we conclude that the petitioner

---

[1] These facts are set out in *State* v. *Ortiz*, supra, 217 Conn. 648.

has not made a substantial showing that he has been denied a state or federal right or sustained his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Williams* v. *Commissioner of Correction*, 40 Conn. App. 512, 513, 671 A.2d 411 (1996); *Williamson* v. *Commissioner of Correction*, 39 Conn. App. 773, 667 A.2d 562 (1995); *Bush* v. *Commissioner of Correction*, 37 Conn. App. 930, 657 A.2d 724 (1995).

The appeal is dismissed.