## LOZADA *v.* DEEDS, WARDEN

No. 90–5393.   Decided February 19, 1991

PER CURIAM.

Petitioner Jose M. Lozada was convicted in Nevada state court in 1987 of four crimes arising out of the possession and sale of a controlled substance in violation of the laws of that State.   Lozada filed no direct appeal.   After exhausting state postconviction remedies, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Nevada.   Lozada contended that ineffective assistance of counsel had deprived him of the opportunity to appeal his state-court convictions.   In particular, he alleged that his attorney failed to inform him of his right to appeal, of the pro-

cedures and time limitations for an appeal, and of his right to appointed counsel. The habeas petition alleged further that the attorney had failed to file a notice of appeal or to ensure that Lozada received appointed counsel on appeal. It also implied that Lozada had been misled when the attorney told Lozada's sister that his case had been forwarded to the public defender's office.

Without holding a hearing on Lozada's claims, a federal Magistrate recommended that the petition be dismissed. The District Court agreed and dismissed the petition, rejecting the ineffective-assistance claim on the ground that petitioner's allegations failed to satisfy the standard set forth in our decision in *Strickland* v. *Washington,* 466 U. S. 668 (1984). The court acknowledged that trial counsel's alleged failure to inform petitioner of his right to appeal might constitute conduct below constitutional standards. It reasoned, however, that Lozada had not indicated what issues he would have raised on appeal and had not demonstrated that the appeal might have succeeded. As a result, the court concluded that petitioner had not shown prejudice under the *Strickland* test. The District Court later denied Lozada a certificate of probable cause to appeal the denial of habeas relief, see 28 U. S. C. § 2253, again stating that Lozada had failed to show any prejudice from counsel's alleged errors. The United States Court of Appeals for the Ninth Circuit also denied a certificate of probable cause in a one-sentence order. Lozada filed the instant petition for a writ of certiorari, which we now grant along with his motion for leave to proceed *in forma pauperis.*

In *Barefoot* v. *Estelle,* 463 U. S. 880, 892–893 (1983), we delineated the standards for issuance of a certificate of probable cause. We agreed with the Courts of Appeals that had ruled that "a certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Id.,* at 893 (quoting *Stewart* v. *Beto,* 454 F. 2d 268, 270, n. 2 (CA5 1971), cert. denied, 406 U. S. 925 (1972)).

We also quoted with approval *Gordon* v. *Willis*, 516 F. Supp. 911, 913 (ND Ga. 1980) (citing *United States ex rel. Jones* v. *Richmond*, 245 F. 2d 234 (CA2), cert. denied, 355 U. S. 846 (1957)), which explained that in order to make a substantial showing of the denial of a federal right a petitioner who has been denied relief in a district court " 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further." ' " 463 U. S., at 893, n. 4.

We conclude that the Court of Appeals erred in denying Lozada a certificate of probable cause because, under the standards set forth in *Barefoot*, Lozada made a substantial showing that he was denied the right to effective assistance of counsel. The District Court rested its analysis on the prejudice prong of the *Strickland* inquiry, and that was presumably the basis for the Court of Appeals' decision to deny a certificate of probable cause. We believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner from the one followed by the District Court. Since *Strickland*, at least two Courts of Appeals have presumed prejudice in this situation. See *Abels* v. *Kaiser*, 913 F. 2d 821, 823 (CA10 1990); *Estes* v. *United States*, 883 F. 2d 645, 649 (CA8 1989); see also *Rodriquez* v. *United States*, 395 U. S. 327, 330 (1969). The order of the Court of Appeals did not cite or analyze this line of authority as reflected in *Estes*, which had been decided before the Ninth Circuit issued its ruling.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

CHIEF JUSTICE REHNQUIST and JUSTICE O'CONNOR would deny the petition for a writ of certiorari.