MICHAEL WALKER *v.* COMMISSIONER OF CORRECTION (13499)

DUPONT, C. J., and HEIMAN and SPEAR, Js.

Argued March 16—decision released May 30, 1995

*Paula Mangini Montonye,* assistant public defender, for the appellant (petitioner).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *John Dropick,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. After a review of the record and briefs, and after hearing the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden,* 230

Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 179, 640 A.2d 601 (1994); *Bush* v. *Commissioner of Correction*, 37 Conn. App. 930, 931, 657 A.2d 724 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claims and a determination that the petitioner had failed to satisfy the prejudice requirement of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to establish a reasonable probability that, absent counsel's professional errors, the outcome of his criminal trial would have been different. See *Commissioner of Correction* v. *Rodriquez*, 222 Conn. 469, 477, 610 A.2d 631 (1992); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 454–55, 610 A.2d 598 (1992). Thus, the habeas court found that there did not exist sufficient evidence to undermine confidence in the verdict of the jury. *Commissioner of Correction* v. *Rodriquez,* supra, 477.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.