IGNACIO SANCHEZ *v.* COMMISSIONER OF
CORRECTION
(15577)

Landau, Spear and Healey, Js.

Argued January 28—officially released March 4, 1997

*Todd A. Edgington*, assistant public defender, for the appellant (petitioner).

*Christopher T. Godialis*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John Dropick*, assistant state's attorney, for the appellee (respondent).

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the trial court's

denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). The petitioner has failed to present any issue that is debatable among jurists of reason, amenable to a different resolution or that deserves encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 431–32; *Simms* v. *Warden*, supra, 230 Conn. 616.

The petitioner filed a petition for a writ of habeas corpus, alleging that he received ineffective assistance of counsel because his attorney failed to pursue his appeal. The habeas court dismissed the petitioner's writ because it found that the petitioner had dismissed his attorney while the appeal was pending. In making this finding, the habeas court rejected the petitioner's testimony that he never instructed counsel not to pursue his appeal. The petitioner asserts, without citation to any authority, that the trial court could not properly make credibility determinations without articulating the reasons why one witness was deemed more credible than another.

The petitioner also claims that counsel was ineffective in allowing the appeal to be dismissed in lieu of filing a withdrawal of the appeal pursuant to Practice Book § 4038.[1] This claim was not alleged in the petition, not decided by the trial court and not supported by any authority.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse

---

[1] Practice Book § 4038 provides in pertinent part: "A withdrawal of an appeal . . . shall be filed with the appellate clerk. . . ."

its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.