MARK GODERRE *v.* COMMISSIONER OF CORRECTION
(AC 16172)

Heiman, Spear and Hennessy, Js.

Argued April 21—officially released May 27, 1997

*Paul A. Catalano*, for the appellant (petitioner).

*Lisa Herskowitz*, deputy assistant state's attorney, with whom, on the brief, was *James E. Thomas*, state's attorney, and *John Dropick*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*,

230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden,* 229 Conn. 178, 179, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 99–100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim that he had been misinformed by counsel as to his earliest eligibility date for parole and that, had he known that he would not be eligible for parole until he had completed one half of the sentence imposed, he would not have entered into the plea agreement that resulted in his conviction and present confinement.

The petitioner testified that he had been advised by counsel that he would be eligible for parole after he had served eight years on the thirty-two year sentence to which he had agreed. The petitioner further testified that had he been properly advised that he would be required to serve sixteen years before becoming eligible, he would not have entered into the plea agreement. The court did not credit his testimony and specifically found that the petitioner had failed to meet his burden of proving that counsel's performance was deficient and that he was prejudiced by the ineffective performance. See *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Clarke* v. *Commissioner of Correction,* 43 Conn. App. 374, 385, 682 A.2d 618, cert. granted on other grounds, 239 Conn. 945, 686 A.2d 123 (1996). "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *State* v. *McClam,* 44 Conn. App. 198, 208, 689 A.2d 475 (1997), quoting *State* v. *Mejia,* 233 Conn. 215, 224, 658

A.2d 571 (1995). "In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, supra, 386.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.