KENNETH DAMON v. COMMISSIONER OF
CORRECTION
(AC 15822)

Foti, Landau and Schaller, Js.

Submitted on briefs September 19—officially released November 11, 1997

*Patrice A. Cohan,* special public defender, filed a brief for the appellant (petitioner).

*Patricia A. Swords,* state's attorney, and *Paul J. Ferencek* and *Christopher Alexy,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. After a thorough review of the record and briefs in this habeas action, we conclude that the petitioner has failed to make a substantial showing that

he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal is a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99–100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The dismissal of the petitioner's petition was predicated on a factual review of the petitioner's claims that he was denied effective assistance of counsel. The petitioner claims first that his counsel failed to advise him in a proper manner of his right to testify on his own behalf at a suppression hearing and at trial and, second, that his counsel failed to investigate the issue of his competency to stand trial.[1] The habeas court evaluated the petitioner's ineffective counsel claim employing the two-prong test espoused in *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The test analyzes whether the petitioner has proven that counsel's performance was deficient, and, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

The habeas court found that, even though it was unclear whether the petitioner was aware of his right to testify at the suppression hearing, there was no reasonable probability that, had he testified, the result of the hearing would have been different. The habeas court

---

[1] On appeal, the petitioner also claims that his counsel was ineffective for not independently investigating the time of the victim's death. This issue was not properly raised before the habeas court and, consequently, was never considered and ruled upon. Accordingly, we decline to review this claim. See *Simms* v. *Warden*, supra, 230 Conn. 617.

also found that the petitioner was aware of his right to testify at trial and when asked whether he wanted to exercise that right, he responded in the negative. The habeas court also noted that even if the petitioner had testified at trial, it is unlikely that the jury verdict would have been different due to the overwhelming weight of evidence against him.

We conclude that the habeas court had before it sufficient evidence to sustain its finding and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.