FREDERICK PAYNE, SR. *v.* COMMISSIONER OF CORRECTION
(AC 17354)

O'Connell, C. J., and Lavery and Spear, Js.

Argued June 3—officially released July 28, 1998

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Toni M. Smith-Rosario*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher A. Alexy*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument,

we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. Further, he has failed to sustain his burden of persuasion that either the denial of certification to appeal was a clear abuse of discretion or an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's petition was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

The petitioner claims that trial counsel was ineffective because he did not personally interview a codefendant or call the codefendant as a defense witness. The petitioner also claims that trial counsel failed to investigate properly, and to analyze marks that were on the doorway of the building that the defendant and his codefendant were convicted of attempting to burglarize.

The trial court heard testimony from the codefendant as to what he would have testified to at trial and found the testimony to be fabricated and dishonest. Moreover, trial counsel's decision not to call as a witness the codefendant, who had pleaded guilty to the charge of attempted burglary, was undoubtedly a sound tactical decision. The trial court also found that the investigation was sufficient as to the marks on the doorway

because trial counsel had had an investigator examine and photograph both the doorway and the marks.

We conclude that the habeas court had before it sufficient evidence to find as it did, and it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.