## JOSE ROSADO *v.* COMMISSIONER OF CORRECTION (17285)

O'Connell, C. J., and Spear and Sullivan, Js.

Argued September 14—officially released October 27, 1998

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John Dropick*, former assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jose Rosado, appeals from the habeas court's judgment dismissing, in part, his petition for a writ of habeas corpus and its subsequent denial of his petition for certification to appeal to this court.[1] Because we affirm the decision of the habeas court in denying the petition for certification, we dismiss the petitioner's appeal.

The habeas court's action on the petition was predicated on a factual review of the petitioner's claims that he was (1) denied the effective assistance of trial counsel and (2) deprived of his constitutional right to have new counsel represent him on direct appeal. As to the second claim, the petitioner asserted that the trial court failed to appoint new counsel for appeal, thereby leaving him, an indigent and legally unskilled person, without the means to pursue an appeal. The habeas court found that the trial court's action of allowing trial counsel to withdraw and denying trial counsel's motion for

---

[1] Following a jury trial, the petitioner was convicted of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), sexual assault in the first degree in violation of General Statutes § 53a-70a (1), unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a) and assault in the third degree in violation of General Statutes § 53a-61 (a) (1).

appointment of counsel effectively deprived the indigent petitioner of representation during the time in which an appeal had to be filed. Accordingly, the habeas court reinstated the petitioner's right to appeal and appointed the office of chief public defender to represent the petitioner on appeal. The petitioner's direct appeal is currently pending in this court. Therefore, only the petitioner's first claim is now before us.

With regard to the first claim, the petitioner alleged ineffective assistance of counsel in that trial counsel conducted an inadequate pretrial investigation, failed to call witnesses whose testimony would have aided the defense and failed to consult properly with the petitioner during the trial concerning trial tactics and procedures. After a hearing, the habeas court found that the petitioner had failed to establish that trial counsel's performance was ineffective. The court did not credit the petitioner's testimony with respect to this claim and specifically found that the petitioner had failed to meet his burden of proving that counsel's performance was deficient and that he was prejudiced by the ineffective performance. See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 385, 682 A.2d 618, cert. granted on other grounds, 239 Conn. 945, 686 A.2d 120 (1996).

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997), quoting *State* v. *Mejia*, 233 Conn. 215, 224, 658 A.2d 571 (1995). "In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal

quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, supra, 43 Conn. App. 386.

After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right and has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.