## CARTHANIEL BALDWIN *v.* COMMISSIONER OF CORRECTION
### (AC 18430)

Lavery, Landau and Dupont, Js.

Argued March 3—officially released April 20, 1999

*Adam A. Laben*, special public defender, for the appellant (petitioner).

*Linda N. Howe*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Carthaniel Baldwin, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus.[1] The petitioner was convicted of two counts of sale of a narcotic substance and one count of possession of a narcotic substance with intent to sell in violation of General Statutes § 21a-277 (a).[2] On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying his petition for certification to appeal and (2) improperly rejected his claim of ineffective assistance of trial counsel. After reviewing the record and briefs

---

[1] Pursuant to General Statutes § 52-470 (b), the petitioner also sought certification to appeal the judgment of the habeas court from a justice of our Supreme Court, *Berdon, J.*, who denied the petition.

[2] The facts of the petitioner's underlying conviction are fully set out in our Supreme Court's decision of his direct appeal. *State* v. *Baldwin*, 224 Conn. 347, 618 A.2d 513 (1993).

and after hearing the parties at oral argument, we conclude that the petitioner failed to make a substantial showing that he was denied a state or federal constitutional right and, further, failed to sustain his burden of persuasion that the habeas court's denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's petition was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct [fell] within the wide range of reasonable professional assistance." *Safford* v. *Warden,* 223 Conn. 180, 193, 612 A.2d 1161 (1992). The habeas court found that the objections of the petitioner's trial counsel to certain evidence were cogent, if not successful, and that his conduct was well within the reasonable parameters for conduct of the defense. The habeas court also found that, although the petitioner's trial counsel failed to raise a particular objection to the admission of opinion evidence, the ground would have been unavailing to the petitioner. Finally, with respect to any evidentiary prejudice to the petitioner, the habeas court found the remainder of the evidence against him to be overwhelming.

The petitioner also claimed that his trial counsel improperly failed to press for a ruling on a motion in limine concerning the petitioner's prior acts of misconduct. When the motion was presented before the commencement of trial, the prosecutor made clear that if

the petitioner testified, the prosecutor would cross-examine him on the basis of a conviction for an unnamed felony. Although the habeas court did not know whether the reason that the petitioner decided not to testify was that he did not want his prior felony conviction revealed to the jury, that court was unpersuaded that the petitioner's decision not to testify was related to the absence of a pretrial ruling on his motion in limine.[3]

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

---

[3] The petitioner also claimed that his trial counsel's assistance fell below the accepted standard because he failed to object to a racially charged comment that the trial court allegedly made about a member of the venire panel. Justice Berdon, in reviewing the petition for certification before our Supreme Court, obtained a copy of the voir dire proceedings and could find no record of the statement that the petitioner ascribed to the trial court.