## JAMES LEONARD *v.* COMMISSIONER OF CORRECTION
### (AC 17618)

Lavery, Spear and Sullivan, Js.

Argued March 29—officially released May 11, 1999

*David B. Rozwaski*, for the appellant (petitioner).

*Judith Rossi*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John Dropick*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. After a review of the record and briefs, and after hearing oral argument, we conclude that the petitioner has failed to make a substantial showing that

he has been denied a state or federal constitutional right and has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's petition was predicated on a factual review of the petitioner's claim and a determination that the petitioner failed to rebut the strong presumption that "counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

The habeas court found that the petitioner failed to produce evidence to support his claim that trial counsel failed to investigate the case properly prior to trial. The habeas court found that there was "no evidence to support [the petitioner's] claim that [trial counsel] was inadequately prepared or that the conduct was inadequate."[1] The record clearly supports the trial court's conclusions as to the facts.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

[1] The trial court did not address the petitioner's claim that counsel was burdened by a conflict of interest, and the petitioner did not request an articulation. Because the record is inadequate, we decline to review this claim. See Practice Book § 60-5.