## PATRICK NEMHARD v. COMMISSIONER OF CORRECTION
### (AC 18472)

O'Connell, C. J., and Lavery and Hennessy, Js.

Argued October 18, 1999—officially released February 1, 2000

*Avery S. Chapman,* for the appellant (petitioner).

*Ellen A. Jawitz,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *David I. Cohen,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The petitioner, Patrick Nemhard, appeals from the habeas court's denial of his petition for certification to appeal the denial of his petition for a writ of habeas corpus. The petitioner claims that his counsel failed to recognize that his ability to knowingly and intelligently enter into the plea agreement was substantially impaired by medication he was taking.

We have fully reviewed the records and briefs and considered the oral arguments of both parties. In his appeal, the petitioner relies on fact bound issues and has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice had been done. See *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's denial of the petition for a writ of habeas corpus was based on a factual review of his claim and a finding that (1) he had been evaluated by a clinical team, including a psychiatrist, who found him competent to stand trial, (2) he had assisted in jury

selection, (3) he had exhibited no mental deficits during the proceedings and that (4) his attorney was not aware that he was taking medication. Accordingly, the habeas court concluded that the petitioner had failed to carry the burden of proof required to establish that he was not competent to stand trial.

We conclude that the habeas court had before it sufficient evidence to find that the petitioner was competent to enter his guilty plea and that it did not abuse its discretion in denying his petition for certification to appeal.

The appeal is dismissed.