### EDWIN ROSS *v.* COMMISSIONER OF CORRECTION (AC 18700)

Spear, Hennessy and Mihalakos, Js.

Argued December 3, 1999—officially released April 11, 2000

*James A. Shanley, Jr.*, special public defender, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, was *Patricia A. Swords*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In the underlying criminal proceeding, the petitioner, Edwin Ross, pleaded guilty to manslaughter in the first degree and two charges of robbery in the first degree, and received a total effective sentence of thirty years incarceration. In his amended petition for a writ of habeas corpus, the petitioner alleges that trial counsel was ineffective in assisting him in that he failed (1) to inform the petitioner that he could not be convicted of the crime of felony murder if he had

not participated in the commission of the underlying felony of robbery, (2) to investigate the case adequately in that his codefendant, Ebony Casey, would have provided testimony that would have exonerated the petitioner, (3) to inform the petitioner that he had a right to testify on his own behalf and (4) to provide the petitioner adequate time to consider his plea and, therefore, coerced him into pleading guilty. The habeas court denied the petition and the petitioner's petition for certification to appeal.

The habeas court's denial of the petitioner's petition was predicated on a factual review of the petitioner's claim and a determination that trial counsel was more credible than the petitioner and Casey. The court concluded that the petitioner had failed to rebut the strong presumption that "counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

After a review of the record and briefs and after hearing oral arguments, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse

its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.