HECTOR GONZALEZ *v.* COMMISSIONER OF
CORRECTION
(AC 18865)

O'Connell, C. J., and Foti and Spear, Js.[1]

Argued November 29, 1999—officially released June 20, 2000

*Sandra J. Crowell,* special public defender, for the appellant (petitioner).

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict,* state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Hector Gonzalez, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner had been convicted of capital felony murder in violation of General Statutes § 53a-54b (8) and attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a. Our Supreme Court affirmed his conviction in *State* v. *Gonzalez,* 206 Conn. 213, 537 A.2d 460 (1988).

The petitioner filed a petition for a writ of habeas corpus in the United States District Court raising the same issues that he had raised on direct appeal. That

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

court's dismissal of the petition was affirmed by the United States Court of Appeals for the Second Circuit. The petitioner next filed the present petition. After an evidentiary hearing, the habeas court denied relief and also denied the petitioner's request for certification to appeal to this court. The habeas court found, inter alia, that the petitioner was totally lacking in credibility and that his testimony was inconsistent and at times contradictory.

On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to this court, (2) dismissed his claims of ineffective assistance of counsel and (3) failed to conclude that the Connecticut constitution requires a canvass of a defendant who elects not to testify.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

After a thorough review of the record and briefs and having heard from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal from the denial of his habeas corpus petition was a clear abuse of discretion or that an injustice has been done. See id.; *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995);

see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.