DUANE FOSTER *v.* COMMISSIONER OF CORRECTION
(AC 18749)

Lavery, C. J., and Spear and Hennessy, Js.

Submitted on briefs March 20—officially released June 27, 2000

*Sarah F. Summons*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, and *Marjorie Allen Dauster* and *George Ferko*, assistant state's attorneys, filed a brief for the appellee (respondent).

PER CURIAM. The petitioner, Duane Foster, appeals from the habeas court's denial of his amended petition for a writ of habeas corpus and the denial of his petition for certification to appeal to this court. In the criminal case that gave rise to the petition for habeas corpus, the petitioner was convicted of larceny in the third degree in violation of General Statutes §§ 53a-124 and 53a-119 (8), three counts of reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a), interfering with a peace officer in violation of General Statutes § 53a-167a, using a motor vehicle without the owner's permission in violation of General Statutes § 53a-119b (a) (1) and with being a persistent serious felony offender pursuant to General Statutes § 53a-40 (b) and (g). This court affirmed the judgment of conviction in *State* v. *Foster*, 45 Conn. App. 369, 696 A.2d 1003, cert. denied, 243 Conn. 904, 701 A.2d 335 (1997).

In his amended petition for a writ of habeas corpus, the petitioner alleged that he was denied his state and federal constitutional rights to effective assistance of counsel on the grounds that his trial counsel failed (1) to conduct a proper direct examination of the petitioner at trial, (2) to conduct proper cross-examination of three witnesses, (3) to call a police officer to testify as a defense witness, (4) to present a proper theory of defense with respect to police misconduct, (5) to object to the admission of an inaccurate presentence investigation report and (6) to present rebuttal evidence to the presentence investigation report at sentencing.

The habeas court's dismissal of the petition for a writ of habeas corpus was predicated on (1) the petitioner not providing counsel with more information with which counsel could examine him on direct examination, (2) the petitioner not alleging what evidence he

expected to elicit on cross-examination of the three witnesses, (3) the lack of information or evidence to support the petitioner's claim of police misconduct and (4) the determination that the petitioner spoke at his sentencing hearing, and acknowledged his extensive criminal record and his need to be punished. The court found that the petitioner failed to establish deficient performance by his trial counsel and actual prejudice. See *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). The court found that the petitioner produced nothing to demonstrate that there was anything his trial counsel could have done to obtain a different result.

After a review of the record and briefs, we conclude that the petitioner failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the amended petition for a writ of habeas corpus and the petition for certification to appeal.

The appeal is dismissed.