KENDALL HOOKS *v.* COMMISSIONER OF
CORRECTION
(AC 19912)

Foti, Schaller and Spear, Js.

Submitted on briefs December 4, 2000—officially released January 30, 2001

*Sarah F. Summons* filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Joy K. Fausey*, deputy assistant state's attorney, and *George Ferko*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner was convicted of manslaughter in the first degree, conspiracy to commit assault in the first degree and assault in the first degree. We affirmed the judgment of conviction in *State* v. *Hooks*, 30 Conn. App. 232, 619 A.2d 1151, cert. denied, 225 Conn. 915, 623 A.2d 1025 (1993).

The petitioner now appeals from the dismissal of his habeas corpus petition and the denial of his petition for certification to appeal. He claims that the habeas court abused its discretion and improperly concluded that his trial counsel was effective because counsel failed (1) to prepare the petitioner properly to take the witness stand in his defense and (2) failed to investigate three witnesses.[1] We conclude that the court did not abuse its discretion in denying his petition for certification to appeal. Accordingly, we dismiss the appeal.

The court predicated the dismissal of the petition for a writ of habeas corpus on a factual review of his claims and a determination that he had failed to rebut "the strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

After being canvassed by the trial court, the petitioner elected not to take the witness stand in his criminal

---

[1] The petitioner also claims that counsel was ineffective at sentencing. That claim was not alleged in his petition, and the court did not address it. We are not required to address claims that parties do not distinctly raise at trial, absent plain error or constitutional error. See Practice Book § 60-5; *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

trial. Trial counsel testified before the habeas court that although he had advised the petitioner not to testify because of his criminal record and because he would make a poor witness, the petitioner ultimately made the decision not to testify. The court accepted his counsel's testimony and rejected the petitioner's claim that he did not testify at trial because counsel failed to prepare him to take the witness stand.

The petitioner also claims that his counsel failed to investigate certain witnesses. None of those witnesses testified at the habeas trial. Moreover, the petitioner offers nothing to show what their testimony would have been and how that testimony may have supported his claims.

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, and has failed to sustain his burden of persuasion that the denial of certification to appeal was an abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). We conclude that the court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.