## KEVIN TUCKER *v.* COMMISSIONER OF CORRECTION (AC 21149)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released November 13, 2001

*David B. Rozwaski*, special public defender, filed a brief for the appellant (petitioner).

*Mara Elizabeth Baran*, senior assistant state's attorney, and *Michael Dearington*, state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals following the denial of his petition for certification to appeal from the judgments of the habeas court dismissing his petitions for a writ of habeas corpus. After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498

U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). We therefore dismiss the appeal.

The habeas court's dismissal of the petitions for a writ of habeas corpus was predicated on a factual review of the petitioner's claim that he was denied the effective assistance of counsel and a determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The petitioner claimed that he was denied effective assistance because his counsel failed to obtain copies of the mug shots taken by the police at the time of his arrest, which would have demonstrated that he had sustained no bruises to his face caused by the victim of the crime.

The defendant was convicted by a jury of assault in the first degree, sexual assault in the first degree and kidnapping. His conviction was affirmed on appeal. *State* v. *Tucker*, 226 Conn. 618, 629 A.2d 1067 (1993). Following a hearing, the habeas court found that the petitioner's trial counsel attempted to obtain the mug shots but that the New Haven police department did not have them. The habeas court concluded that the performance of the petitioner's trial counsel was not deficient and that the mug shots would not have helped the petitioner because the evidence against him was overwhelming. See *Strickland* v. *Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The police, responding to a 911 call, found the petitioner standing over the victim with his pants and underwear below his knees. The police apprehended the petitioner after a short foot chase, and the victim identified the petitioner as the perpetrator of the crimes against her. The petitioner's claim that the mug shots would have assisted his defense by showing that he had no injuries

to his face is unavailing because the victim testified that she did not harm the petitioner's face during the assault.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.