MITCHELL HENDERSON *v.* COMMISSIONER OF
CORRECTION
(AC 20967)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Mitchell Henderson*, pro se, the appellant (petitioner), filed a brief.

*Richard Blumenthal*, attorney general, and *Richard T. Biggar*, assistant attorney general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals following the denial by the habeas court of his petition for certification to appeal from the court's judgment denying his habeas corpus petition.[1] After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *War-*

---

[1] While the petitioner's appellate brief states the issue of whether the habeas court improperly denied his petition for a writ of mandamus, his brief does not address that question. "An issue merely mentioned will be deemed abandoned." *State* v. *Wragg*, 61 Conn. App. 394, 395 n.1, 764 A.2d 216 (2001). We therefore do not address that claim.

*den*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). We therefore dismiss the appeal.

In his petition for a writ of habeas corpus, the petitioner claimed that the commissioner of correction denied the petitioner's liberty interest in the extended family visitation program. The habeas court properly concluded that the petitioner does not have a liberty interest in access to visitors. *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 680, 667 A.2d 304 (1995); see also *Kentucky Dept. of Corrections* v. *Thompson*, 490 U.S. 454, 460–61, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). Furthermore, department of correction Administrative Directive § 10.6 provides in relevant part that "visitation shall be considered a privilege and no inmate shall have entitlement to a visit." The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.