## CLAUDIOUS W. CHANNER *v.* COMMISSIONER OF CORRECTION
### (AC 19507)

Foti, Mihalakos and Dupont, Js.

Submitted on briefs November 1—officially released November 27, 2001

*Alan E. Dillon,* special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas,* state's attorney, and *Eileen F. McCarthy* and *George K. Ferko,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Claudious W. Channer, appeals following the denial by the habeas court of his petition for certification to appeal from the court's judgment dismissing his petition for a writ of habeas corpus. After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100

(1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The court's dismissal of the petitioner's petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claim that he was denied the effective assistance of trial and appellate counsel, and a determination that the petitioner had failed to rebut the strong presumption that counsels' "conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

The petitioner was convicted of robbery in the first degree and conspiracy to commit robbery in the first degree. See *State* v. *Channer*, 28 Conn. App. 161, 612 A.2d 95, cert. denied, 223 Conn. 921, 614 A.2d 826 (1992). As to his trial counsel, the petitioner claimed that counsel failed to investigate, interview and call certain witnesses, to file a discovery motion, to reserve a motion for a new trial,[1] to file a motion for a speedy trial, to object to the filing of a substitute information and to guarantee an agreement that the petitioner claims he had reached with the state. Following a hearing and review of the trial transcript, the habeas court concluded in a thorough and well reasoned memorandum of decision that the record did not support some of the petitioner's claims, the petitioner offered no evidence in support of other claims and, as to the remaining claims, that counsel's performance was based on reasonable professional strategy under the circumstances.

As to his appellate counsel, the petitioner claimed that on appeal, counsel failed to raise claims regarding

---

[1] The petitioner filed a petition for a new trial, which the court denied, finding that the witnesses' recantations were not credible and that the petitioner had failed to meet his burden of proving the validity of the claimed misidentification of him. This court affirmed the judgment in *Channer* v. *State*, 54 Conn. App. 620, 738 A.2d 202, cert. denied, 251 Conn. 910, 739 A.2d 1247 (1999).

the identification procedure that was used by the police, the state's failure to give him a speedy trial and an allegedly improper argument made by the state during closing argument at trial. The court heard testimony from the petitioner's appellate counsel and concluded that her strategy was based on the law and sound professional judgment. Furthermore, the court concluded that even if counsel's performance was deficient, the petitioner failed to present any evidence that he was prejudiced by counsel's alleged deficient performance. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.