JAMES STERBINSKY *v.* COMMISSIONER
OF CORRECTION
(AC 22024)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 19, 2002

*Dennis P. McDonough*, special public defender, filed a brief for the appellant (petitioner).

*Mary M. Galvin*, state's attorney, and *Leon F. Dalbec, Jr.*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, James Sterbinsky, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus and his petition for certification to appeal to this court. On appeal, the petitioner claims that the court (1) abused its discretion when it denied his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus by concluding that the legality of his

sentence was res judicata, and that his allegations regarding vindictive behavior on the part of the prosecution and the court in the probation violation matter were nonspecific and frivolous. We dismiss the appeal.

The following facts are relevant to the appeal. On December 15, 1995, the petitioner was arrested for violation of probation with respect to two separate underlying convictions. The court, *Cocco, J.*, revoked the petitioner's probation and sentenced him to twelve and one-half years in prison. The judgment of revocation was affirmed by this court in *State* v. *Sterbinsky*, 47 Conn. App. 918, 703 A.2d 1194 (1997), cert. denied, 243 Conn. 970, 707 A.2d 1270 (1998).

The petitioner subsequently filed, pro se, a petition for a writ of habeas corpus in the judicial district of Ansonia-Milford, claiming that the sentence imposed by the court in the probation revocation matter was improper. The habeas court, *Arnold, J.*, denied the petition on the ground that a petition for habeas corpus was not the proper procedure by which to obtain sentence review. The petitioner did not appeal from the denial of his first petition for a writ of habeas corpus, but filed a second petition for a writ of habeas corpus in the judicial district of Danbury. In his second petition, the pro se petitioner alleged that the first habeas court improperly denied his petition, and that the prosecutor and the trial court in the probation revocation matter had been vindictive.

The second habeas court, *Carroll, J.*, denied the second petition on the ground that the petitioner's sentencing claim was res judicata. As to the petitioner's claims that the prosecution and the trial court in the probation revocation matter had been vindictive, the second habeas court determined that the allegations were nonspecific and frivolous. Furthermore, the second habeas court concluded that the petitioner's claims of vindic-

tiveness had not been raised in his direct appeal, that he had failed to preserve those claims at trial, and that he had failed to allege and to demonstrate actual prejudice.

The petitioner filed a petition for certification to appeal from the second habeas court's judgment, which petition the court denied. The court subsequently, in a sua sponte articulation of its denial of the petition for certification, granted the pro se petitioner's application for a waiver of fees, costs, expenses and the appointment of counsel on appeal to pursue his claim that the court had abused its discretion in denying his petition for certification to appeal. The petitioner appealed to this court.

After review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 290, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

General Statutes § 51-195 provides that a person sentenced shall file an application for review with the clerk of the court in the judicial district in which the judgment was rendered for review of the sentence by the review division. Furthermore, a petitioner seeking review of a judgment by a habeas court shall do so by following the procedure set forth in Practice Book § 80-1, not by filing a subsequent petition for a writ of habeas corpus. We agree with the second habeas court that the petition-

er's allegations regarding vindictive behavior on the part of the prosecution and the court are insufficient to raise a viable claim.

The appeal is dismissed.