### JERRY K. GLENN *v.* COMMISSIONER OF CORRECTION
### (AC 23031)

Dranginis, West and Hennessy, Js.

Submitted on briefs October 30—officially released November 25, 2003

*Jerry K. Glenn*, pro se, the appellant (petitioner), filed a brief.

*Richard Blumenthal*, attorney general, and *Henri Alexandre* and *Madeline A. Melchionne*, assistant attorneys general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The pro se petitioner, Jerry K. Glenn, appeals from the judgment of the trial court dismissing

his petition for a writ of habeas corpus and denying his petition for certification to appeal. On appeal, the petitioner claims that it was improper for the court to dismiss his petition for a writ of habeas corpus. The petitioner, however, has failed to address whether the court abused its discretion in denying his petition for certification to appeal. We, therefore, dismiss the appeal.

The habeas court found the following facts that are relevant to our consideration of the petitioner's appeal. On January 8, 1980, the petitioner received an indeterminate sentence of not less than twenty-five years, but not more than life,[1] imprisonment following his conviction for murder in violation of General Statutes (Rev. to 1973) § 53a-54a (1980 sentence).[2] On May 19, 1981, the defendant received a second indeterminate sentence of not less than two years, but not more than four years, imprisonment for assault in the second degree in violation of General Statutes (Rev. to 1973) § 53a-60 (a) (5), as well as an indeterminate sentence of not less than four years, but not more than eight years, for robbery in the second degree in violation of General Statutes (Rev. to 1977) § 53a-135 (a) (1). The petitioner's 1981 sentences were to be served concurrent with one another, but consecutive to the 1980 sentence. On January 25, 1989, the petitioner was convicted of an unauthorized conveyance of items into a correctional institution in violation of General Statutes (Rev. to 1973) § 53a-174, for which he received a sentence of one year impris-

---

[1] The 1980 sentence was imposed in accordance with General Statutes (Rev. to 1977) § 53a-35, which provided that for a class A felony, such as murder, the maximum term of an indeterminate sentence was life imprisonment, meaning the natural life of the petitioner. Subsequent to the petitioner's sentence, General Statutes (Rev. to 1981) § 53a-35b defined life imprisonment as a sentence of sixty years. Section 53a-35b does not apply to the petitioner.

[2] Our Supreme Court upheld the petitioner's conviction on appeal in *State v. Glenn*, 194 Conn. 483, 481 A.2d 741 (1984).

onment, eight months of which were to be served concurrent with the 1980 sentence, which he was currently serving, and four months consecutive to that sentence.

The petitioner completed the twenty-five year portion of his 1980 sentence. On August 22, 1996, while he was serving the life portion of his 1980 sentence, he was awarded parole, but remained incarcerated so that he could serve the 1981 and 1989 consecutive sentences. The petitioner completed his consecutive sentences and was granted parole on the life portion of his 1980 sentence effective November 1, 1999. On January 27, 2000, while on parole, the petitioner was arrested and, following a hearing, found to be in violation of his parole. The petitioner was then returned to the custody of the respondent commissioner of correction to serve the balance of his life sentence.

In his petition for a writ of habeas corpus, the petitioner alleged that he was being held illegally by the respondent because he had completed the life portion of the 1980 sentence. In dismissing the petition, the court found that the petitioner is serving the balance of his 1980 life sentence, which will last for the rest of his natural life, and that he is eligible for parole. The petitioner had failed to prove that he was being held illegally by the respondent.

The petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right, and further, that he has failed to sustain his threshold burden of persuasion that the court's denial of his certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661

A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.