# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2765

_____

Darnell McDaniels,

        Appellant,

v.

Olmstead County,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 12, 2010
Filed: November 19, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Darnell McDaniels appeals the district court's[1] denial of his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability as to whether McDaniels's trial counsel had a conflict of interest in representing him and thus, whether he received effective assistance of counsel. We affirm.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, now retired, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

In 2006, McDaniels faced drug charges in Minnesota state court. During a pretrial hearing, McDaniels's attorney, an appointed public defender, notified the court that an informant who was set to testify against McDaniels was a former client of the public defender, and although the informant was "not a current client," the informant had contacted the public defender's office recently. The trial court questioned whether "that [is] actually a conflict of interest," decided to leave the trial set as scheduled, and "ask[ed] the public defender's office, then, to deal with the attorney issue." McDaniels's appointed counsel was not replaced and the record reflects no further inquiry into the potential conflict of interest question. A jury convicted McDaniels of the charges in the complaint.

McDaniels requested and received new appellate counsel. On appeal, he argued violations of due process and ineffective assistance of counsel based on the conflict of interest. The Minnesota Court of Appeals affirmed McDaniels's conviction, rejecting the ineffective assistance claim "[b]ecause the attorney did not assert that a conflict actually existed." State v. McDaniels, No. A07-0473, 2008 WL 2492254, at *3 (Minn. Ct. App. June 24, 2008). Therefore, the Minnesota Court of Appeals held that "the district court was not required to inquire into whether a conflict actually existed" and that McDaniels had failed to establish that there was an actual conflict. Id.

The district court denied McDaniels's habeas petition but granted him a certificate of appealability as to the alleged conflict question, concluding that the question is "debatable among reasonable jurists." See Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)).

The sole issue on appeal is whether McDaniels received ineffective assistance of counsel at trial. Specifically, McDaniels alleges that his attorney labored under a conflict and that counsel sufficiently presented this conflict to the trial court but the trial court failed to properly decide whether the conflict existed. As a question of

habeas review under section 2254, federal courts may not grant a writ of habeas corpus unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d).

Under the Sixth Amendment, a criminal defendant has the right to effective assistance of counsel. When a habeas petitioner claims that his counsel's representation was ineffective, he must demonstrate that counsel's representation was deficient and that this inadequate representation resulted in prejudice that deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984) (holding that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result").

This standard may not be so onerous, however, where the petitioner is claiming ineffective assistance on the basis that his attorney had a conflict of interest. McDaniels seeks relief under Holloway v. Arkansas, arguing that when his attorney objected to the conflict the trial court was obligated to inquire whether an actual conflict existed, and because the trial court failed to make such inquiry, the conviction is subject to automatic reversal. 435 U.S. 475, 488-89 (1978). Holloway's "automatic reversal rule" is limited to circumstances "where defense counsel is forced to represent codefendants over his timely objection, unless the trial court has determined that there is no conflict." Mickens v. Taylor, 535 U.S. 162, 168 (2002). McDaniels is not entitled to relief under Holloway's "automatic reversal rule" because the asserted conflict does not result from a circumstance where his attorney was representing codefendants.

Because McDaniels only argues that he is entitled to the benefit of Holloway's "automatic reversal rule" but does not claim that his counsel had an actual conflict, that

an actual conflict adversely impacted his trial, see Cuyler v. Sullivan, 446 U.S. 335, 348 (1980), or that he suffered actual prejudice, see Strickland, 466 U.S. at 691-96, the district court did not err in denying his petition for habeas relief.

We affirm.

_____