[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR CERTIFICATION
In this Petition for Certification, the petitioner, Joseph Gaymon, seeks approval to appeal the decision of this Court on June 12, 2000 to dismiss his ineffective assistance of counsel claim. The petitioner, who represented himself pro se, appeared before this Court on May 24, 2000 and was heard on his motion to subpoena certain witnesses in connection with the criminal case underlying the petitioner's habeas petition. See, Exhibit 1 attached (Transcript May 24, 2000). At that time, the Court heard the petitioner's arguments and denied his motion without prejudice to its renewal. Id. at 11. The habeas claim was then scheduled for trial on June 12, 2000 and the petitioner, on the record in open court, indicated that he would refuse to go forward with the trial on the scheduled date. Id. at 12.
On June 12, 2000 the petitioner was present in the courtroom as well as CT Page 8529 counsel for the respondent, who was ready to proceed. In addition, there was a witness present, i.e., plaintiffs trial counsel in the underlying criminal action. See, Exhibit 2 attached (Transcript June 12, 2000).*
In lieu of proceeding to trial, the petitioner moved to withdraw the petition without prejudice or, in the alternative, to stay the proceeding for sixty days to determine if the Supreme Court would grant a writ of certiorari in another case which petitioner claims is related to the trial matter. This Court refused to allow the habeas petition to be withdrawn without prejudice or to stay the proceedings, and dismissed the petition based on the petitioner's refusal to offer any evidence in support of the petition. Id.
In his Petition for Certification, the petitioner asserts that this Court abused its discretion in denying the motion to withdraw the petition without prejudice; in refusing to grant the motion for a continuance or a sixty day stay of the trial and in dismissing the petition based on the petitioner's failure to proceed with any evidence.
The Petition for Certification was timely filed, pursuant to General Statutes § 52-470(b), hence the question before this Court is whether such certification should be granted because there is a question involved in the decision of this case which ought to be reviewed by the Appellate Court.
As has been noted in other Superior Court decisions (see Donald W. Utzv. Warden, C.C.I. Somers, 1991 Ct. Sup. 6882, CV90-0107820-S, Judicial District of Stamford, August 8, 1991), the current authority requires this Court in considering a Petition for Certification to do more than simply "rubber stamp" the certification issue. Rather, a "searching inquiry" should be made by the Court to determine whether there is a question involved in the decision of this Court which ought to be reviewed by the Appellate Court.
In the matter of Copas v. Commissioner of Correction, 234 Conn. 139,150-51 (1995), the Connecticut Supreme Court held that "[i]n enacting § 52-470(b), the legislature intended to discourage frivolous habeas appeals." See also, Simms v. Warden, 230 Conn. 608, 616. "A habeas appeal that satisfies one of the criteria set forth in Lozada v. Deeds,498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Thus, if an appeal is not frivolous, the habeas court's failure to grant certification is an abuse of discretion." [Citations omitted; internal quotation marks omitted.] CT Page 8530
This Court has made a searching inquiry and has determined that the Petition for Certification in this case is frivolous because there are no issues that would satisfy the criteria set forth in Lozada v. Deeds, supra, 498 U.S. 430, for granting an appellate review. The habeas trial schedule was known to the petitioner at least four weeks in advance and the petitioner, pursuant to his expressed intentions at the pretrial hearing on May 24, 2000, refused to go forward with any evidence in support of the petition. This is so even though the petitioner's trial counsel was present in the courtroom and available to be called as a witness. In addition, the petitioner himself could have taken the witness stand to offer evidence in support of his petition. He refused or neglected, however, to do so. In light of these circumstances, and due to the fact that there was no way for this Court to know whether the Supreme Court will grant the petitioner's writ of certiorari in the separate matter which he claimed was related to the habeas trial, it was not an abuse of discretion for this Court to deny the request to withdraw the petition without prejudice and the request for a continuance or stay. The habeas petition in this case was scheduled to commence with a hearing on the merits, and therefore could be withdrawn only by leave of the court for cause shown. See, General Statutes § 52-80. The question of whether to grant a continuance on the day of trial is, similar to the question of whether the habeas petition could be withdrawn on the day of trial, within the discretion of the trial court. See, Hill v. Hill,35 Conn. App. 160, 166 (1994). Further, when a plaintiff is nonsuited after refusing to prosecute his lawsuit on the day it is scheduled for trial, he has his own actions to blame for the dismissal and is not entitled to a new trial. See, Hill v. Hill, supra, 35 Conn. App. 168-171. Under the totality of the circumstances of this case, the petitioner's own actions led to the dismissal of his petition. The petitioner's refusal to go forward with any evidence in support of his petition, even though he could have done so, is a legally sufficient ground for dismissal. See, Practice Book § 23-29(5). Therefore, the Petition for Certification is denied.
 ______________________ White, J.
EXHIBIT ONE
DOCKET NO. CV9603243262S * * * * * * * * * * * * * X CT Page 8531
JOSEPH GAYMON : SUPERIOR COURT OF CONNECTICUT
-VS- : JUDICIAL DISTRICT OF DANBURY
WARDEN, STATE PRISON : MAY 24, 2000 * * * * * * * * * * * * * x
BEFORE:
THE HONORABLE GARY J. WHITE, JUDGE
APPEARANCES:
JOSEPH GAYMON, PRO SE
 RICHARD F. JACOBSON, ESQUIRE Special Assistant State's Attorney 1061 Main Street Bridgeport, Connecticut 06604 ATTORNEY FOR THE DEFENDANT
 Kimberly Sotiro Court Monitor
 THE COURT: All right. We're here on the matter, Gaymon v. Warden. Mr. Gaymon's in the courtroom. The Warden is represented by Attorney Jacobson, I believe it is, who is not present. Mr. Jacobson called me and told me that he could not be here today. He's got health problems, and I excused his presence. He did not object to the case going forward.
 As I understand it, Mr. Gaymon, you made a request that the Court issue subpoenas to witnesses you want to call, and put it down for a hearing to determine whether that's appropriate or not. Is that correct? You made that motion?
THE PLAINTIFF: Yes. Yes, Your Honor.
 THE COURT: All right. How many subpoenas are you requesting, to whom and for what purpose?
 THE PLAINTIFF: I think there's 8 subpoenas dealing with Bridgeport Police. CT Page 8532
THE COURT: Okay.
 THE PLAINTIFF: Several officers and supervisors.
 THE COURT: Before you go on, I'm going to let you explain, but I took a look at the file and the — your habeas claim is based on an allegation of ineffective assistance of counsel who represented you at trial. Is that right, sir?
THE PLAINTIFF: Yes, sir.
THE COURT: All right.
 THE PLAINTIFF: I also, in the amended complaint, raised the issue of false testimony being raised at trial by the two arresting officers. And the subpoenas that I'm issuing are to get the supervisors and some evidence in support of my claims. They will be able to offer testimony in support of my claims.
THE COURT: Okay. Mr. Shea?
THE CLERK: Yes, Your Honor.
 THE COURT: Could you give me the subpoenas that he's requesting, please?
 I'm going to go through the subpoenas and we can deal with then one by one. You have a request for a subpoena to an Alfonso Snead at the Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut.
THE PLAINTIFF: Yes, sir.
 THE COURT: And what's the purpose of that one?
 THE PLAINTIFF: Your Honor, Alfonso Snead, on July 19th, 1994, put out a transmission and broadcast over that town's system in regards to police service to a certain address, which was my CT Page 8533 family residence. I have a report by the officer stating to have had communications with that dispatcher. And I also have evidence contradictory to their report. So I would like for him to come forward, and I'd like to get testimony on exactly which officer he — whoever communicated with him and transmitted with him during that time.
 THE COURT: Okay. What were you convicted of, sir?
THE PLAINTIFF: Possession of narcotics.
THE COURT: And then you got 15 years —
THE PLAINTIFF: With the 10 —
THE COURT: — suspended after 13 years —
THE PLAINTIFF: Yes, sir.
THE COURT: — and 3 probation?
THE PLAINTIFF: Yes, sir.
 THE COURT: Okay. So that's Alfonso Snead. How about Barbara Gonzalez —
THE PLAINTIFF: Okay.
 THE COURT: — another Bridgeport Police officer.
 THE PLAINTIFF: She is one of the officers — the original officers who responded to the complaint on that day. The documentary evidence that I have indicates that Barbara Gonzalez was the officer who did actually transmit and broadcast with the dispatcher concerning that call on that date.
THE COURT: All right. How about Joe Burdo
THE PLAINTIFF: Well, he was her partner on CT Page 8534
THE COURT: — another Bridgeport Police —
 THE PLAINTIFF: He was her partner on that day according to the documentary evidence that I have. Joe Burdo was the partner of Barbara Gonzalez.
 THE COURT: All right. How about Adam Radzimirski, Clerk's Office?
 THE PLAINTIFF: Radzimirski is the lieutenant. He's in charge of personnel files related to dates of verification of the police officers at work. Once again, I think it is necessary for that because I have conflicting reports. And I want to know, maybe, if he was working or not working on that day.
THE COURT: How about Sergeant Dave Daniels?
 THE PLAINTIFF: Okay. He is the supervisor of the CAD dispatchers. And maybe the only way they could come forward is he have — the supervisor — has to bring that evidence that I requested.
 THE COURT: Okay. What about Fannie Walden, Records Division?
 THE PLAINTIFF: She is the record custodian in charge of all the records relating to these incidents.
THE COURT: And Joseph Szor — S-Z-O-R?
 THE PLAINTIFF: He is the arresting officer on the charge, the narcotic charge.
THE COURT: Okay, sir.
 THE PLAINTIFF: Did you have one for Officer Lamaine? Chris Lamaine?
 THE COURT: I don't see one here for that individual. CT Page 8535
 THE PLAINTIFF: Christopher Lamaine.
THE COURT: All right. Well, who is he?
 THE PLAINTIFF: He is also the arresting officer. I believe he is on the witness list also.
There should've been one for Christopher Lamaine.
 THE CLERK: Your Honor, we don't have a subpoena for him, but he is on the application for issuance of a subpoena.
 THE PLAINTIFF: Okay, I may have missed it then.
THE COURT: All right.
 THE PLAINTIFF: So, can I forward a new one in? or would you subpoena him for me?
 THE COURT: Well, sir, it sounds as if the people you want to subpoena are witnesses in connection with the underlying conviction.
THE PLAINTIFF: Right.
 THE COURT: The fact scenario. And it also appears, based on what you've said, that those persons were subject to, I suppose, subpoena and examination — cross-examination — at trial for the underlying offense.
THE PLAINTIFF: Right.
 THE COURT: Now, you filed a habeas petition in which you claim ineffective assistance of counsel. You understand this is not a re-trial of the underlying offense.
THE PLAINTIFF: Right.
 THE COURT: Your claim is that your — because of your lawyer's unprofessional errors CT Page 8536 that you were convicted when you otherwise would not have been.
THE PLAINTIFF: Right.
THE COURT: Essentially, that's your claim.
THE PLAINTIFF: Right.
 THE COURT: So, this is not a the underlying case.
 THE PLAINTIFF: Okay, but I'm saying those witnesses are necessary for me to prove my claim of ineffective assistance of counsel. Had he called them at the time of trial, we may not be here today going through this. or having to go through an ineffective trial. Because those people were available and they would have, if re-trial of counsel, at the time of trial, had called them and elicited that testimony that I am seeking now, we may not have to go through this. And they're in support — the testimony that I am seeking is in support of my ineffective claim.
 THE COURT: Okay, you're going to have to explain that again to me because I don't follow.
 THE PLAINTIFF: Okay. These witnesses that I am calling, because of the facts that were testified to at trial and the documentation of evidence that I — the newly discovered evidence that I received after trial, indicates that those people were involved in some of the facts that were testified to by the arresting officers. And trial counsel never brought them forward or made an attempt to bring them forward.
 THE COURT: You're telling me that after your trial was over, you obtained some information which indicated to you that these individuals you want to subpoena would've been helpful —
 THE PLAINTIFF: Helpful to my defense at trial. Yes, sir. CT Page 8537
 THE COURT: Okay. And you didn't know about that.
 THE PLAINTIFF: No, I didn't know about that.
 THE COURT: And apparently you're saying your lawyer didn't know about that information before the trial, or after the trial.
 THE PLAINTIFF: I might say, well, he had an investigator, he should've done a — a reasonable investigation would have uncovered that, these witnesses and that information.
THE COURT: All right. Anything else?
 THE PLAINTIFF: No. I don't have nothing else, sir.
 THE COURT: All right. What I'm going to do at this time, Mr. Gaymon, is deny your application for the subpoenas without prejudice. And I'm going to hear some evidence, I'm going to start the trial and hear some evidence in the case. If I think it's appropriate to issue some or all the subpoenas, I'll do this. At this point, it does not sound appropriate to me. And —
THE PLAINTIFF: Your Honor —
 THE COURT: — therefore, I'm going to deny your request.
 THE PLAINTIFF: Your Honor, before we proceed with trial, I cannot proceed unless I have those witnesses first. I plan to put them on first before I even put the attorney on and get their testimony. Because it is relevant to the issues of ineffective assistance of counsel. I cannot prove my claim of ineffective assistance of counsel without those witnesses that he failed to bring forward at the time of trial.
 THE COURT: You just told me you didn't know CT Page 8538 about them and he didn't know about them until after the trial was over.
 THE PLAINTIFF: No, he — — if he'd done a reasonable investigation, had he investigated the officer's testimony during the time of trial instead of just accepting their word, their fabricated stories and false testimony, he would have uncovered these witnesses who are related to this case. These officers gave sworn testimony under oath that they've done such and such things on certain dates. After trial — 33 months after trial — I come up with newly discovered evidence that contradicts and refutes their trial testimony. And these officers that I'm subpoenaing are the ones that can bring the truthfulness of the matter to the Court.
 THE COURT: Mr. Gaymon, isn't it fair to say that you think that these people who you want to subpoena are going to say things that aren't true, or that are going to — well —
THE PLAINTIFF: Well —
 THE COURT: — things that are going to contradict evidence that came out in the trial? Because you don't actually know what they're going to say. Isn't that right?
THE PLAINTIFF: But —
THE COURT: Isn't that right, sir?
 THE PLAINTIFF: Yes, but listen. I have testimony here from these officers claiming that their fellow officers didn't do this, or didn't do that. And my trial counsel didn't even look into it. So to — — in effect, I want to bring these officers forward and see if they did or did not, in fact, do these things that their fellow officers claim they didn't do.
 THE COURT: All right, sir. I've heard your arguments. My decision's the same. I'm denying your application without prejudice. And you can CT Page 8539 go forward. And if I believe, after hearing some more information, that it's appropriate for the subpoenas to be issued, then I will do that. All right, what day?
THE CLERK: June 12th, Your Honor, 2:00.
 THE COURT: Okay. June 12th, 2:00 for the trial. Thank you.
THE PLAINTIFF: Excuse me, Your Honor.
THE COURT: Yes, sir.
 THE PLAINTIFF: At this time, I'm going to submit a motion to transfer my case down to the judicial district of New Haven where I have another habeas ineffective of trial counsel for consolidation of those cases in that county where I am incarcerated at.
THE COURT: Well —
 THE PLAINTIFF: If I can submit the motion now. I have it with me.
 THE COURT: Okay. You can submit your motion.
 THE PLAINTIFF: I'm not going forward with no trial on the 12th.
THE COURT: June 12th is the trial date.
 THE PLAINTIFF: I'm not going forward with that.
 THE COURT: Just give it to the clerk. Thank you.
 THE PLAINTIFF: Don't even send for me because I'm not going forward.
 THE COURT: All right. We'll take a recess. (Whereupon, the hearing was concluded.)
CT Page 8540 DOCKET NO. CV960324262S
* * * * * * * * * * * * * X
JOSEPH GAYMON : SUPERIOR COURT OF CONNECTICUT
-VS- : JUDICIAL DISTRICT OF DANBURY
WARDEN, STATE PRISON : MAY 24, 2000
* * * * * * * * * * * * * X
 CERTIFICATION
This is to certify that I, Kimberly Sotiro, a court monitor in and for the State of Connecticut, certifies the foregoing is a true and accurate transcript of the above — entitled matter as monitored and heard before the Honorable Gary J. White, Judge, on May 24, 2000.
Dated at Danbury, Connecticut on this 12th day of July 2000.
 ________________________ Kimberly Sotiro Court Monitor
CV96-0324262 : SUPERIOR COURT OF CONNECTICUT
JOSEPH GAMON : JUDICIAL DISTRICT OF DANBURY
PLAINTIFF :
VS : AT DANBURY EXHIBIT TWO
WARDEN STATE PRISON :
DEFENDANT : JUNE 12, 2000
BEFORE: THE HONORABLE GARY WHITE, JUDGE
APPEARANCES:
 JOSEPH GAMON Pro Se
 ATTORNEY RICHARD JACOBSON, ESQ. Representing the Defendant CT Page 8541
 Deirdre M. Clement Court Monitor
 THE COURT: Good afternoon everyone. Okay. We're here on Gamon v Warden. Mr. Gamon is here Mr. Jacobson is here representing the Warden. It's a habeas proceeding. May I see the file?
 MR. JACOBSON: Mr. Gamon has a motion to file, Your Honor.
 THE COURT: Yes, Mr. Gamon, what's your motion?
 MR. GAMON: Yes, Your Honor. This last week I filed a petition for certification in the
 Supreme Court, and if the certification is granted and the Supreme Court reverses his judgement the issues in this habeas will become relevant.
I have a motion now to withdraw this case.
 THE COURT: You want to withdraw it with prejudice.
MR. GAMON: Without prejudice.
 THE COURT: Well, the matter is down for trial today, and no one knows whether any cert is going to be granted in the Supreme Court or not. So, Mr. Jacobson, you got any response?
MR. JACOBSON: His motion refers to a —
 THE COURT: Let me see a copy of the motion, please. Let me take a quick look at this, please.
 Okay. Go ahead I'll listen to you, Mr. Gamon, and I'll hear you Mr. Jacobson.
 MR. GAMON: Well, if certification is granted and the Supreme Court reverses the CT Page 8542 judgement and orders a new trial, the issues in this petition for a habeas corpus will be irrelevant.
 So I would either like to withdraw the case at this time or the Court stay it for 60 days until after this appeal process is done or whatever.
THE COURT: Mr. Jacobson?
 MR. JACOBSON: Mr. Gamon, there are four and five paragraphs he refers to Federal District Court habeas corpuses.
 MR. GAMON: Your Honor, I'm going to withdraw those also.
 MR. JACOBSON: I'm not aware of those. don't know who's is representing the State if anybody.
 MR. GAMON: I did receive an appearance from you on one of those cases filed in '99. I received an appearance filed by you on that case.
 MR. JACOBSON: Mr. Gamon knows more about it than I do then.
 MR. GAMON: It's an effective against my private counsel.
 MR. JACOBSON: That's one you have in New Haven it's in the State Court.
 MR. GAMON: Right. That's why I moved to transfer this one so both habeas' could be consolidated.
 MR. JACOBSON: Yeah, but if you look at paragraph — do you have a copy of it?
MR. GAMON: Yeah, I do.
 MR. JACOBSON: If you look at paragraphs 4 and 5 you refer to complaints in the United CT Page 8543 States District Court.
MR. GAMON: Uh-huh.
MR. JACOBSON: In both of those.
 MR. GAMON: Right. I have two cases also pending over there.
 MR. JACOBSON: Do they involve the same thing as this?
 MR. GAMON: No, it does not. No, it does not.
 MR. JACOBSON: They involve conditions of confinement?
MR. GAMON: Yes, they are.
MR. JACOBSON: And credit?
 MR. GAMON: There's something related to that.
 THE COURT: Mr. Jacobson, what if any response do you have to his motion to withdraw the habeas petition in this Court?
 MR. JACOBSON: I don't want to impinge upon the petitioner's rights, Your Honor. I really can take no position.
 THE COURT: The matter has been set down for trial for a couple of months now.
 MR. JACOBSON: Yes. It's a different issue on the Supreme Court. He filed a petition for a new trial that was denied by Judge Mottolese.
 Mr. Gamon took an appeal to the Appellate Court which I think in about April of this year was denied, dismissed the appeal in by memorandum decision, didn't write a decision.
 And now he's filed a petition for CT Page 8544 certification to the Supreme Court. I told Mr. Gamon when he came up with that initially that in my opinion he's not going to get a hearing in the Supreme Court. That's just my opinion. He said to me which is correct, how do I know.
 I don't want to impinge upon his rights. It's a different issue on the petition for a new trial. This is ineffective assistance of counsel. Petition for a trial is newly discovered evidence.
 So whatever the Court wants to decide, I don't want to preclude him.
 THE COURT: You have anything further in support of your argument to withdraw this case I without prejudice?
 MR. GAMON: Yeah, well, if you don't want to — if the Court does not want to withdraw it at this time, I would just suggest that the Court stay this proceeding until after the decision from the Supreme Court.
 THE COURT: All right. Thank you for your argument, sir. Your motion to withdraw this habeas petition without prejudice is denied. If you want to withdraw it with prejudice, I will allow you to do that. I will not allow you to withdraw it without prejudice. There's a witness here, the case has been set down for a trial at least for two months I believe, and all parties are ready to proceed.
So your motion is denied.
MR. GAMON: Well, I move to stay it until —
THE COURT: You your motion is denied.
 MR. GAMON: I'm not withdrawing it I'm moving for a stay of the proceedings.
 THE COURT: That is denied also. The motion to stay the proceedings is denied. CT Page 8545
MR. GAMON: I'm not going to proceed.
 THE COURT: You ready to proceed on the case?
MR. GAMON: No, I'm not going to proceed.
 THE COURT: Okay. We're not — keep him right there we're not done.
MR. GAMON: of course, Your Honor.
 THE COURT: Mr. Gamon, the matter is set done for trial we're ready to proceed, you may proceed with your evidence.
 MR. GAMON: I'm not ready to proceed at this time. As I've made it known just for the record, I'm just going to take an exception to your ruling.
 THE COURT: All right. Can you take an exception.
MR. GAMON: And then that's it. I'm ready
 THE COURT: Well, since you refuse to proceed the petition is dismissed. All right. Thank you.
(Whereupon, the hearing was concluded.)
* * * * * * * * * *
CV96-0324262 : SUPERIOR COURT OF CONNECTICUT
JOSEPH GAMON : JUDICIAL DISTRICT OF DANBURY
PLAINTIFF :
VS : AT DANBURY
WARDEN STATE PRISON :
DEFENDANT : JUNE 12, 2000 CT Page 8546
 CERTIFICATE
I, Deirdre M. Clement, Court Monitor for the Superior Court, Fairfield County, State of Connecticut, do hereby certify that the foregoing is a true and accurate transcription of the tape recorded proceedings had in the above-entitled case.
 ______________________ Deirdre M. Clement Court Monitor
 STATE OF CONNECTICUT SUPERIOR COURT
NOTICE OF APPEAL PROCEDURES (HABEAS CORPUS) JD-CR-84 Rev 3-93 C.G.S. 52-259, 52-470 Pr. Bk. 945, 4009, 4015, 4017 ========================================================================== JUDICIAL DISTRICT OF |DATE OF DECISION | DOCKET NO. DANBURY |6/12/00 |CV-96-03242E2 _______________________________|________________________|_________________ NAME OF PETITIONER |NAME OF RESPONDENT | JOSEPH GAYMON |WARDEN/STATE PRISON | _______________________________|________________________|_________________
1. Before you can appeal to the Connecticut Appellate Court from the decision on your habeas corpus petition, the following requirements must be met: (a) WITHIN TEN (10) DAYS FROM THE DATE OF DECISION, a request must be filed with either the judge who decided the case, a judge of the Connecticut Appellate Court or a justice of the Connecticut Supreme Court to certify that a question is involved in the decision which ought to be reviewed by the Appellate Court, and; (b) the judge to whom your request is made must certify that such a question is involved in the decision. If you desire to appeal, you may use the bottom part of this form (Petition for Certification — Habeas Corpus) to make your request. (Connecticut General Statutes, Section 52-470)
2. If your request for certification is granted, WITHIN TWENTY (20) DAYS FROM THE ISSUANCE OF THE NOTICE TO YOU that your request is granted, you have a right to file an appeal with the clerk of this court. (Conn. Practice Book Section 4009). The court rule concerning extensions of this twenty (20) day appeal CT Page 8547 period is printed on the back of this form.
3. Unless the court has granted you the relief described in item 4, you must pay the following fees when you appeal: Entry fee of $250.00; Record fee of $50.00; and you must also give security for costs in the amount of $400.00. This security may be in cash paid to the clerk or a bond with surety. (Connecticut Practice Book, Section 4 Connecticut General Statutes, Section 52-259).
4. If you desire to appeal but you are indigent and either cannot pay the fees, costs and expenses listed in item 3 or afford to obtain a lawyer, you have a right, BEFORE THE TWENTY (20) DAY PERIOD FOR APPEAL STATED IN ITEM 2 IS OVER, to ask the court to (1) appoint a lawyer for you and (2) allow you to appeal without payment of fees, costs and expenses. Your request must be under oath and state the grounds upon which you propose to appeal and the facts concerning your financial status. You may use the attached form, JD-CR-73, to make this request. (Connecticut Practice Book, Section 4017; Connecticut General Statutes, Section 52-259b).
If you request the relief referred to in item 4 and your request is denied but the judge certifies that a question is involved in the decision which ought to be reviewed by the Appellate Court, you or a lawyer acting for you must file your appeal and pay the expenses listed in item 3 within twenty (20) days from the issuance of the notice to you that your request for appointment of an attorney or waiver of fees, costs and expenses was denied. (Connecticut Practice Book, Section 4009).
========================================================================== STATE OF CONNECTICUT PETITION FOR CERTIFICATION SUPERIOR COURT (HABEAS CORPUS) JD-CR-84-A C.G.S. 52-470 Pr. Bk. 2028 ========================================================================== JUDICIAL DISTRICT OF | DATE OF DECISION | DOCKET NO. DANBURY | 6/12/00 |CV96-0324262 ________________________________|________________________|________________ NAME OF PETITIONER | NAME OF RESPONDENT CT Page 8548 JOSEPH GAYMON | WARDEN/STATE PRISON ________________________________|_________________________________________ |
TO: | [X] Judge White, who decided case ("X" one and, if you wish, | [ ] Judge _______, Judge of Connecticut fill in the name of an | Appellae Court Appellate Court Judge or a | [X] Justice Robert I. Berdon, Justice of Supreme Court Justice.) | Connecticut Supreme Court ________________________________|_________________________________________ The petitioner requests a certification that a question is involved in the decision on my habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court. The grounds upon which I request certification are: [X] set forth in the Application for Waiver of Fees, Costs and Expenses and Appointment of Counsel on Appeal, which application (Form JD-CR-73) I am submitting with this petition. [ ] (Specify grounds, attach additional sheets if necessary) __________ _________________________________________________________________________ NOTICE: This petition must be made within ten (10) days from the date of decision and sent to the clerk of the Superior Court for the Judicial District named Signed Joseph Gaymon above. --------------------------------- (PETITIONER)
(See reverse side for certification) Mailed on 6/20/00
CERTIFICATION AND NOTICE
[ ] It is hereby certified that a question is involved in the decision on the petition for habeas corpus which ought to be reviewed by the Appellate Court and the foregoing Petition for Certification is GRANTED.
[ ] The foregoing Petition for Certification is hereby DENIED.
[EDITORS' NOTE: This form IS ELECTRONICALLY NON-TRANSFERRABLE.]
APPLICATION FOR WAIVER OF FEES STATE OF CONNECTICUT COSTS AND EXPENSES AND SUPERIOR COURT APPOINTMENT OF COUNSEL ON APPEAL JD-CR-73 Rev. 8-96 C.G.S. 52-259b Pr. Bk. 4009, 4015 4016, 4017, 4018, 4166c CT Page 8549
[ ] APPEAL FROM JUDGMENT OF [ ] APPEAL FROM DECISION CONVICTION IN HABEAS CORPUS NOTICE — Unless NOTICE — Unless the court extends the the court extends the time limit, this application time limit, this must be signed and filed application must be with the clerk of the signed and filed with Superior Court named below the clerk of the within twenty (20) days Superior Court named from the Date of Judgment. below within twenty (Show date below) (20) days from the __________________________ date the notice was |DATE OF JUDGMENT | issued granting you |________________________| your request for certification. (Show date below) _____________________________ |DATE NOTICE ISSUED | |(granting your request for | | certification | |_____________________________|
INSTRUCTIONS
TO APPLICANT: Prepare in triplicate and file original and one copy with the clerk. Retain one copy for your records.
TO CLERK: Stamp form on filing. File original as a pending matter and give one copy to the Public Defender's Office. Judicial Authority is to assign for hearing within 20 days after filing. Forward written notice of hearing to (1) trial counsel or defendant, if pro Se, (2) Public Defender's Office to which application was sent, and (3) Chief of Legal Services, Public Defender's Office.
========================================================================== NAME AND ADDRESS OF COURT DANBURY SUPERIOR COURT JUDICIAL DISTRICT OF DANBURY 146 WHITE ST. DANBURY, CT 06810 __________________________________________________________________________ DOCKET NO. | NAME OF CASE CV96-0324262 | JOSEPH GAYMON v. WARDEN/STATE PRISON ___________________|______________________________________________________ CT Page 8550
1. I am indigent and cannot pay the fees, costs and expenses of an appeal, nor can I afford to obtain an attorney.
2. The grounds upon which I propose to appeal are: Judge White, abused his discretion when he denied the Plaintiff's Motion to stay the proceedings for 60 days until the Supreme Court decides if the plaintiff would be granted certification to appeal. The plaintiff stated to the court that if the supreme court grants certification and reverse the judgement of the Plaintiff's conviction the issues in the petition for writ of Habeas Corpus would be irrelevant. After the petitioner declined the courts offer to withdraw with prejudice the court refused to grant the stay which was an abuse of descretion. See Attachment
 (If additional space is needed, attach an affidavit reciting the grounds upon which you propose to appeal.)
3. The facts concerning my financial status are:
 (If additional space is needed, attach an affidavit reciting the facts concerning your financial status.)
THEREFORE, I request that the court (1) waive the payment by me of the fees specified by statute, taxable costs, and the requirement of Section 4015 concerning the furnishing of security for costs upon appeal, if such security has been ordered; (2) appoint counsel to prosecute my appeal without expense to me and permit withdrawal of the trial attorney's appearance, if any; and (3) order that the necessary expenses of prosecuting the appeal be paid by the state, pursuant to Section 4016 of the
Connecticut Practice Book.
__________________________________________________________________________ APPLICANT'S SIGNATURE | SUBSCRIBED AND SWORN |SIGNED (Notary | TO BEFORE ME ON (Date) |Public/Commissioner | |of the Superior | |Court) Joseph Gaymon 6/14/00 | |XNot Available ========================================================================== Joseph Gaymon 6/14/00
ORDER CT Page 8551
The court, having found the applicant INDIGENT NOT INDIGENT, hereby orders the application:
 GRANTED as follows:
1. The following fees are waived:
 Entry fee Record fee
 Other (specify):_______________________________________________
2. Taxable costs are WAIVED NOT WAIVED
3. Security for costs is WAIVED NOT WAIVED
4. Necessary expenses of prosecuting the appeal SHALL SHALL NOT be paid by the State.
 If necessary expenses are paid by the State, attorneys in private practice representing the applicant shall obtain the approval of the judicial authority who presided at the trial before incurring any expense in excess of $100, including the expense of obtaining a transcript. The judicial authority shall authorize a transcript at State expense only of the portions or proceedings or testimony which may be pertinent to the issues on appeal.
5. Counsel IS IS NOT appointed. _______________________________ |NAME OF COUNSEL, IF APPOINTED | |_______________________________|
6. Permission for the withdrawal of the trial attorney's appearance is GRANTED DENIED.
 (The judicial authority must be satisfied that trial counsel has cooperated fully with appellate counsel in the preparation of the defendant's appeal prior to granting permission.)
 DENIED.
___________________________________________________________________________ BY THE COURT (Print or type |ON (Date) |SIGNED (Judge, |DATE SIGNED name of judge) | | Asst. Clerk| =========================================================================== JD-CR-73 (back) 8-96
 Attachment Waiver of Fees Costs CT Page 8552 And Expenses And Appointment of Counsel on Appeal CV-96-0324262
Judge White, abused his descretion when he failed to issue the Plaintiff's request for issuance of his Pro se subpoenas to call witnesses and elicit testimony from those witnesses in support of the claims the petition raised in his amended petition.
Judge White, failure to grant the stay was an abuse of discretion. Everytime the Respondent requested a stay of the proceedings it was granted by the court to dismiss the petition for the plaintiff failing to proceed with evidence violated the plaintiffs constitutional rights because the court refused to allow the plaintiff to call witnesses in support of his claims.
Judge White, failure to grant the stay was an abused of descretion. Because it did not make sense to proceed at that time. Because if the supreme court grants cretification to the plaintiff in another case and the conviction is released by the court. The issues in the petition of Habeas Corpus would have became moot. The stay should have been granted it would have saved the state revenue at least to the Appeal process is decided in the supreme Court.
Joseph Gaymon 6/14/00