STATE OF CONNECTICUT *v.* LATONE JAMES
(AC 21584)

Lavery, C. J., and Mihalakos and Dupont, Js.

Argued January 9—officially released April 9, 2002

*Karen Diebolt*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Maureen M. Keegan*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Latone James, was previously convicted, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). The jury was, however, deadlocked as to the remaining counts of felony murder and assault in the first degree. Our Supreme Court affirmed his robbery conviction and concluded that the state was not barred from retrying the defendant for felony murder. See *State v. James*, 247 Conn. 662, 725 A.2d 316 (1999). The defendant was convicted, after a second jury trial, of felony

murder in violation of General Statutes § 53a-54c.[1] The defendant now appeals from that judgment of conviction. On appeal, the defendant claims that the trial court improperly (1) permitted the state to amend the information after the defendant had testified, (2) denied the defendant's motion to dismiss on double jeopardy, collateral estoppel and fundamental fairness grounds, (3) failed to instruct the jury that it had to find that the defendant was a principal and to give the jury a special verdict form, and (4) admitted into evidence a certified copy of the defendant's robbery conviction. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the issues presented in this appeal.[2] On March 1, 1995, the defendant was charged with the crimes of felony murder in violation of § 53a-54c, robbery in the first degree in violation of § 53a-134 (a) (2), and with two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (5). The information charged that the defendant was a principal in the commission of all of the crimes. After the defendant's trial, the court, *Fasano, J.*, accepted the guilty verdict as to the robbery count and declared a mistrial as to the remaining counts. The defendant was committed to the custody of the commissioner of correction for a term of twenty years.

Thereafter, the defendant was charged with felony murder in violation of § 53a-54c pursuant to a revised, substitute long form information dated February 14, 1997. Specifically, the state alleged that "the defendant,

[1] General Statutes § 53a-54c provides in relevant part: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery . . . and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants . . . ."

[2] A complete recitation of the facts and procedural history of the underlying offense may be found in *State* v. *James*, supra, 247 Conn. 662.

acting either alone or with another person committed the crime of robbery, and in the course of and in furtherance of such crime, he or another participant caused the death of Luis Melendez, who was not a participant to the robbery, by means of shooting."[3] Subsequently, the court, *Damiani, J.*, denied the defendant's motion to dismiss the substitute information, rejecting the defendant's argument that the doctrines of double jeopardy and collateral estoppel precluded the state from trying the defendant again for felony murder.

The defendant appealed from the judgment of conviction and, in addition, filed an interlocutory appeal from the court's denial of his motion to dismiss. Our Supreme Court affirmed both the conviction and the court's denial of the motion to dismiss.[4] See *State* v. *James*, supra, 247 Conn. 666. After a second trial, the defendant was found guilty of felony murder and was committed to the commissioner of correction for a term of fifty years to run concurrent with his sentence for the robbery conviction. This appeal followed.

As a preliminary matter, the defendant conceded during oral argument before this court that his first three claims were previously decided by our Supreme Court in *State* v. *James*, supra, 247 Conn. 662. "We are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them." (Internal quotation marks omitted.) *State* v. *Thomas*, 62 Conn. App. 356, 364, 772 A.2d 611, cert. denied, 256 Conn. 912, 772 A.2d 1125 (2001). It is not within our province to

---

[3] The state did not pursue the assault charges in the defendant's second trial.

[4] "In his interlocutory appeal, the defendant claim[ed] that: (1) a retrial in this case would violate the double jeopardy clause of the fifth amendment to the United States constitution; (2) the state is collaterally estopped from relitigating the robbery count; and (3) given the verdict and the evidence in this case, the state is collaterally estopped from charging the defendant as an accessory to the felony murder." *State* v. *James*, supra, 247 Conn. 666.

reevaluate or discard our Supreme Court's decision in *State* v. *James*, supra, 662. See *State* v. *Fleming*, 36 Conn. App. 556, 573, 651 A.2d 1341, cert. denied, 233 Conn. 913, 659 A.2d 186 (1995).

The defendant's one remaining claim is that the court improperly admitted into evidence a certified copy of the judgment of conviction of robbery. Specifically, he argues that the admission of the certified copy of the judgment relieved the state from its burden to prove the underlying offense, namely, that the defendant committed robbery. We are not persuaded.

In his first trial, the defendant testified that he was merely an accessory to the crime of robbery and not the principal. Nevertheless, the jury returned a verdict of guilty of robbery as a principal. The defendant never testified at his second trial for felony murder, but a certified copy of the judgment of conviction of robbery was admitted upon the state's request. The state also proffered the defendant's entire testimony from the previous trial as an admission to having participated in the crime. The court sustained the defendant's objection to the admission of the prior testimony.

The defendant argues that because he did not testify in the second trial, the second jury could not have found that he was guilty of robbery beyond a reasonable doubt. The defendant has provided no authority, and our research has revealed none, for the proposition that a prior judgment of conviction of the underlying felony is insufficient to prove the commission of that felony in a subsequent trial for felony murder and that the state must prove, for a second time, the element of the felony of robbery.[5]

---

[5] We note that this argument contradicts the defendant's double jeopardy and collateral estoppel arguments advanced before our Supreme Court and here. We fail to see how the defendant can reconcile his argument that the state is precluded by double jeopardy and collateral estoppel from trying him again for felony murder following a mistrial with his argument that the state cannot proffer a judgment of conviction to satisfy the first element of felony murder, but must try the defendant for robbery once more.

"[T]o obtain a conviction for felony murder the state must prove, beyond a reasonable doubt, all the elements of the statutorily designated underlying felony, and in addition, that a death was caused in the course of and in furtherance of that felony." (Internal quotation marks omitted.) *State* v. *Lewis*, 245 Conn. 779, 786, 717 A.2d 1140 (1998). If a jury returns a verdict of guilty for the underlying felony, the state has necessarily proven each of those elements beyond a reasonable doubt. See generally *State* v. *Conde*, 67 Conn. App. 474, 483–84, 787 A.2d 571 (2001) (jury must find each element of crime proven beyond reasonable doubt), cert. denied, 259 Conn. 927, 793 A.2d 251 (2002). Accordingly, in the present case, the state must prove that a jury previously found the defendant guilty of robbery and that the death was directly related to the commission of the robbery. We conclude that a certified copy of the judgment of conviction of the underlying offense is sufficient to prove that element of felony murder.

"Our Supreme Court has stated that [t]o prove a conviction, it is necessary to show it by the record of a valid, subsisting final judgment." (Internal quotation marks omitted.) *State* v. *Henton*, 50 Conn. App. 521, 532, 720 A.2d 517, cert. denied, 247 Conn. 945, 723 A.2d 322 (1998). Therefore, the admission into evidence of the defendant's judgment of conviction of robbery proved the elements of the underlying felony as a predicate to felony murder. See id. (certified copy of judgment sufficient to prove prior felony conviction element of persistent dangerous felony offender charge); see also *State* v. *Fullwood*, 194 Conn. 573, 589, 484 A.2d 435 (1984).

Because the state had proven the elements of robbery in the defendant's first trial, its burden of proof in the subsequent trial for felony murder was not lessened. The certified copy of the judgment of conviction was properly admitted to prove the elements of robbery and, therefore, satisfied the state's burden to prove,

beyond a reasonable doubt, the first element of felony murder.

The judgment is affirmed.

In this opinion the other judges concurred.