## LATONE JAMES *v.* COMMISSIONER OF CORRECTION
## (AC 25069)

Dranginis, DiPentima and Gruendel, Js.

Submitted on briefs February 24—officially released April 19, 2005

*Gennaro Bizzarro*, special public defender, filed a brief for the appellant (petitioner).

*John A. Connelly*, state's attorney, *Lisa A. Riggione*, senior assistant state's attorney, and *Maureen M. Keegan*, executive assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, LaTone James, appeals from the judgment of the habeas court, following the denial of his petition for certification to appeal from

the judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was charged with the crimes of felony murder in violation of General Statutes § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) and two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (5). Those charges arose out of events that occurred at 5:15 a.m. on February 26, 1995, at an after-hours club in Waterbury. At trial, the jury found the defendant guilty of robbery in the first degree, and the court declared a mistrial as to the remaining charges. The petitioner appealed from his conviction, and the state filed a substitute information charging the petitioner with felony murder. The petitioner filed a motion to dismiss the substitute information, which was denied. The petitioner filed an interlocutory appeal from the denial of his motion to dismiss. Our Supreme Court consolidated the appeals and affirmed the judgment of conviction and the ruling denying the motion to dismiss in *State* v. *James*, 247 Conn. 662, 725 A.2d 316 (1999). At the second trial of the felony murder charge, the jury found the petitioner guilty. He appealed from that second judgment of conviction, and this court upheld that conviction in *State* v. *James*, 69 Conn. App. 130, 793 A.2d 1200, cert. denied, 260 Conn. 936, 802 A.2d 89 (2002).

Attorney Karen Diebolt represented the petitioner at both trials and on all appeals. By way of a second amended petition for a writ of habeas corpus, the petitioner alleged that Diebolt provided ineffective assistance of counsel at the first trial and on the second appeal. Following a one day trial at which the petitioner was the only witness, the habeas court dismissed the petition for a writ of habeas corpus. The court also denied the petition for certification to appeal.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that

the issues he raises are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.