CARTHANIEL BALDWIN *v.* COMMISSIONER OF
CORRECTION
(AC 24602)

Lavery, C. J., and McLachlan and Gruendel, Js.

Submitted on briefs April 1, 2005—officially released June 7, 2005

*Brian D. Russell*, special public defender, filed a brief for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Carthaniel Baldwin, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court

denying his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a trial to a jury, of two counts of sale of narcotics in violation of General Statutes § 21a-277 (a) and one count of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The petitioner also was found guilty of being a subsequent offender. He was given an effective sentence of forty-four years incarceration. Our Supreme Court upheld the petitioner's conviction. See *State* v. *Baldwin*, 224 Conn. 347, 618 A.2d 513 (1993).

On appeal, the petitioner claims that the court improperly (1) denied his petition for certification to appeal and (2) concluded that his trial counsel did not provide ineffective assistance that was prejudicial to him. In his petition for a writ of habeas corpus, the petitioner alleged several ways in which counsel's assistance was ineffective. In this court, the petitioner claims that the habeas court improperly determined that his counsel provided effective assistance. He supports that contention by alleging that his counsel failed (1) to investigate the clothing he was wearing on the day of the crime and (2) to inform him that the state intended to charge him as a subsequent offender and would use a plea he had entered pursuant to the *Alford* doctrine,[1] prior to the crimes at issue, as part of its proof. Before we may reach those claims, however, the petitioner must demonstrate that the court abused its discretion in denying the petition for certification to appeal.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he raises are debatable among jurists of reason, that a court could resolve the issues in a different

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.