KEVIN MCCOLL *v.* COMMISSIONER OF CORRECTION
(AC 26907)

DiPentima, Gruendel and Hennessy, Js.

Argued February 21—officially released May 15, 2007

*Stephanie L. Evans*, special public defender, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Kevin McColl, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court should have granted his petition for certification to appeal because he had received ineffective assistance of trial counsel. We dismiss the appeal.

The record sets forth the following facts and procedural history. After a trial to the jury, the petitioner was convicted of one count of burglary in the first degree in violation of General Statutes § 53a-101 (a), one count of assault of a victim sixty years of age or older in the second degree in violation of General Statutes § 53a-60b and two counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3). On January 7, 2000, the petitioner was sentenced to an effective term of confinement of twenty-eight years to serve. The petitioner directly appealed from the judgment of conviction to this court, claiming that (1) the evidence was insufficient to sustain his conviction on the assault and robbery counts, (2) the court improperly instructed the jury on "feet and footwear" as a dangerous instrument, (3) the court improperly denied his motion to

suppress his confession as the fruit of an illegal entry or as involuntary, (4) the court improperly instructed the jury on intent when the crimes charged were specific intent crimes and (5) the constitutional prohibition against double jeopardy was violated when he was sentenced on two counts of robbery. We affirmed the judgment of the trial court. *State* v. *McColl*, 74 Conn. App. 545, 548, 813 A.2d 107, cert. denied 262 Conn. 953, 818 A.2d 782 (2003).

On January 6, 2005, the petitioner filed a second amended petition for a writ of habeas corpus, alleging that his conviction should be set aside due to ineffective assistance of trial counsel. In support of his claim, the petitioner argued that his trial counsel's performance fell below the level of reasonable competence required of criminal defense attorneys because counsel (1) was inexperienced, (2) did not allow the petitioner to testify in his defense and (3) admitted the petitioner's guilt during closing arguments.[1] The petitioner claims that but for trial counsel's acts and omissions, it is reasonably probable that he would not have been convicted of these crimes.

The habeas court denied relief, finding that the petitioner failed to meet his burden of proof. The petitioner now appeals. On appeal, the petitioner's claim of ineffective counsel consists of two arguments. He claims that his trial counsel was ineffective (1) conceding the petitioner's guilt during closing arguments without the petitioner's prior knowledge or consent and (2) failing to permit the petitioner to testify in his defense because of counsel's private conjectures that his client was guilty.

The threshold issue to determine, prior to appellate review of the merits of the dismissal of a habeas corpus

---

[1] Although the petitioner enumerated a plethora of issues relating to the alleged ineffectiveness of his trial counsel, the habeas court determined that these three issues adequately set forth the petitioner's claims.

petition, is whether the habeas court abused its discretion in denying the petition for certification to appeal. We conclude that it did not.

As an initial matter, we set forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. The petitioner must establish a clear abuse of discretion by demonstrating the existence of one of the criteria adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). These criteria are "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 432; *Barefoot* v. *Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

In order to determine whether the petitioner has demonstrated the existence of one of the *Lozada* criteria, we examine the validity of the petitioner's initial habeas claim of ineffective assistance of counsel. In doing so, "this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Vines* v. *Commissioner of Correction*, 94 Conn. App. 288, 295, 892 A.2d 312, cert. denied, 278 Conn. 922, 901 A.2d 1222 (2006).

The petitioner must satisfy the two requirements set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in order to establish ineffective assistance of counsel. First, "[t]he petitioner must . . . show that counsel's representation fell

below an objective standard of reasonableness considering all of the circumstances." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). "[T]he [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* v. *Washington*, supra, 689. The second part of the *Strickland* analysis requires that "[the petitioner] . . . show . . . a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 89 Conn. App. 850, 856, 877 A.2d 11, cert. denied, 275 Conn. 905, 882 A.2d 672 (2005). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Vines* v. *Commissioner of Correction*, supra, 94 Conn. App. 295–96.

The petitioner has not satisfied the *Strickland* requirements. Thus, his burden of proof for ineffective assistance of trial counsel has not been met. The petitioner's testimony was the only evidence supporting the petitioner's allegation that he wanted to testify on his behalf at trial. The court credited the attorney's testimony over the testimony of the petitioner. The court found that "there was a paucity of proof supporting [the] allegations adduced at the habeas trial." The court also determined that "while virtually all of the items in the petition allege failures on the part of the petitioner's counsel to do something, there was no proof at the habeas trial as to whether any of these alleged failures to act were indeed viable strategies that should have been pursued and, more importantly, what would have happened had they done these things." The court

concluded that the petitioner did not prove his allegations of ineffective assistance of counsel, nor did he offer proof that he was prejudiced by counsel's action or inaction.

Even if we assume arguendo that trial counsel's strategy did fall below an objective standard of reasonableness,[2] no prejudice to the petitioner resulted from the strategies employed by trial counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* v. *Washington,* supra, 466 U.S. 686. The court found that "there was no proof at the habeas trial as to whether any of these alleged failures to act were indeed viable strategies that should have been pursued and, more importantly, what would have happened had they done these things." Nonetheless, even if counsel's action or inaction was less than perfect, it was not egregious enough to constitute denial of the petitioner's sixth amendment right to counsel. Furthermore, the petitioner has not shown that the result of his criminal trial would have been different. The petitioner has offered no proof that he is burdened by an unreliable conviction; he merely asserts that he might be entitled to a new trial. We therefore conclude that the petitioner has failed to meet his burden of proof.

Upon review of the transcripts of the habeas proceedings and of the entire record, we cannot say that the court abused its discretion when it concluded that the petitioner failed to prove that he was a victim of ineffective assistance of counsel. Further, we conclude that

[2] We note that there are requisite findings of fact that the petitioner knew of the strategy employed by his counsel. Furthermore, there is an inadequate record regarding the petitioner's desire to testify, that is, there is no record that he asked his attorney if he could testify and was refused his request.

the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 498 U.S. 432; *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). The petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal relative to his ineffective assistance of counsel claim was an abuse of discretion. See *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.

In this opinion the other judges concurred.