******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ERNESTO P.* *v.* COMMISSIONER
OF CORRECTION
(AC 36163)

Gruendel, Mullins and Pellegrino, Js.

*Argued May 14—officially released August 4, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*Vishal K. Garg*, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, and *Erika L. Brookman*, assistant state's
attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. The petitioner, Ernesto P., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal and (2) denied his petition for a writ of habeas corpus. Because the petitioner has failed to demonstrate that the court abused its discretion in denying the petition for certification to appeal, we dismiss the appeal.

The following facts, set forth in the petitioner's direct appeal; see *State* v. *Ernesto P.*, 135 Conn. App. 215, 41 A.3d 1115, cert. denied, 305 Conn. 912, 45 A.3d 98 (2012); and procedural history are relevant to our resolution of this appeal. In 2006, the petitioner was a single father, living in an apartment in Hartford with his daughter. Id., 217. His daughter's friends, including the eleven year old victim, often spent time at the petitioner's apartment. Id. In one instance in the summer of 2006, the petitioner told his daughter to clean her room in order to spend time alone with the victim. Id. While the petitioner was alone with the victim, he touched her breasts and vaginal area outside her clothing. Id. When his daughter returned from her room, she witnessed the petitioner "humping" the victim. Id., 218. The victim and the daughter contacted the police, but the daughter falsely denied witnessing the incident because she was scared the petitioner would hurt her. Id. Approximately two months later, the petitioner returned home to find his daughter and the victim in his house. Id. He then ordered his daughter to take a shower and was again alone with the victim. Id. While his daughter was showering, the petitioner took nude photographs of the victim and then sodomized her. He stopped when his daughter finished her shower. Id. The victim did not contact the police; she did not think the police would take action because "they didn't believe" her initial report several weeks earlier. Id., 218–19.

Approximately two years later, the Department of Children and Families became aware of the incidents between the victim and the petitioner. Id., 219. The police executed a search warrant on the petitioner's home, where they found eleven photographs of the victim exposing her naked breasts, buttocks, vagina, and anus. Id.

On November 25, 2008, the petitioner was arrested and charged with one count of sexual assault in the first degree by the threat of use of force in violation of General Statutes § 53a-70 (a) (1), one count of sexual assault in the first degree by intercourse with a victim under the age of thirteen in violation of § 53a-70 (a) (2), one count of sexual assault in the third degree in

violation of General Statutes § 53a-72a (a) (1) (B), one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (1), one count of risk of injury to a child in violation of § 53-21 (a) (2), one count of possession of child pornography in the third degree in violation of General Statutes § 53a-196f (a), and one count of employing a minor in an obscene performance in violation of General Statutes § 53a-196a (a) (1). Id., 216–17. Following a jury trial, the petitioner was convicted of all counts and sentenced to a total effective term of twenty years incarceration and five years of special parole. Id., 220.

On direct appeal, this court affirmed the petitioner's conviction. Id., 232. Thereafter, on July 9, 2010, the petitioner, self-represented, filed a petition for a writ of habeas corpus and on November 28, 2012, the petitioner, through habeas counsel, filed an amended petition for a writ of habeas corpus. He alleged, inter alia, ineffective assistance of trial counsel on the basis of counsel's alleged failure to present evidence that corroborated the petitioner's claim that his apartment did not have hot water during the relevant time and that, because of this, his daughter did not take showers at his apartment, which would have undermined the victim's testimony and supported the petitioner's testimony.[1]

The habeas court denied the petition for a writ of habeas corpus in a memorandum of decision dated September 4, 2013, finding that the evidence presented did not establish, "without resort to speculation, guesswork or presumption," that there was no hot water in the apartment and that there was no account for gas through Connecticut Natural Gas or another utility company that could have provided hot water to the apartment. According to the court, the evidence that the petitioner did not have an account with Connecticut Natural Gas in his name was insufficient to prove that counsel was deficient or that the petitioner suffered any kind of prejudice. In addition, the habeas court found that trial counsel did investigate and spoke with an individual whom the petitioner said had all of the information regarding the hot water issue, yet counsel testified that the individual did not know anything about the hot water issue. Furthermore, the court held that "there's little to no evidence to support the fact that even if the court believed it true that there was not a hot water account going to that apartment, that that, in and of itself, means that people could not have taken showers." The court was persuaded by the argument from the respondent, the Commissioner of Correction, that the petitioner lived in the apartment for three years during which there was no gas account in his name, yet there was no evidence presented that he was unable "to cleanse himself and/or take showers." For the foregoing reasons, the court denied the petition for a writ of habeas corpus.

Thereafter, the petitioner sought certification to appeal from the denial of his petition for a writ of habeas corpus, which the court denied. This appeal followed.

On appeal, the petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal and that the court improperly denied his petition for a writ of habeas corpus. Specifically, he claims that the habeas court erred by denying the petition for certification to appeal because a different court could have resolved the issue differently and the claim is debatable among jurists of reason. He further claims that the petition for a writ of habeas corpus should have been granted because trial counsel's performance was deficient in that he failed to obtain and present evidence regarding the lack of hot water in the petitioner's apartment.

We begin our analysis with the relevant standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . .

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S.

Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Citations omitted; internal quotation marks omitted.) *McGee* v. *Commissioner of Correction*, 157 Conn. App. 863, 867–68,     A.3d     (2015). With that standard in mind, we examine the petitioner's claims.

The petitioner claims that the habeas court erred by denying the petition for certification to appeal because a different court could have resolved the issue differently. We disagree. Even if the petitioner presented evidence at the criminal trial to demonstrate that his apartment lacked hot water, the petitioner has failed to show what, if any, relevance the evidence would have had on the outcome of his criminal trial.

The petitioner argues that if his trial counsel had presented the hot water evidence, it would have impeached the victim's testimony that the petitioner's daughter was in the shower when the petitioner took nude photographs and sodomized the victim and also would have corroborated the petitioner's criminal trial testimony that his daughter did not shower at his apartment. We are not persuaded. At trial, the victim testified that the petitioner ordered his daughter to take a shower, resulting in the victim being alone with the petitioner. See *State* v. *Ernesto P.*, supra, 135 Conn. App. 218. The credibility of this statement does not hinge on whether there was hot water in the apartment, but instead on the credibility of the victim, who testified that the petitioner essentially coerced his daughter into taking a shower. No evidence was presented to the habeas court to refute the argument that the daughter could have showered without hot water.

Furthermore, although the petitioner argues that trial counsel failed to investigate and present evidence that corroborated the petitioner's testimony that his daughter did not take showers at his apartment because he did not have hot water, the habeas court found that trial counsel did investigate the leads given to him by the petitioner, yet the leads proved fruitless. Trial counsel testified that he used an investigator to locate various babysitters and other people whom the petitioner claimed had knowledge of the hot water issue. The investigator, however, was unable to contact the babysitters after repeated attempts. The other person to

whom the petitioner directed trial counsel had no knowledge of the hot water issue. The habeas court found that trial counsel's decision to investigate the hot water issue no further was not unreasonable, especially in light of the evidence presented to the court that many of the other leads the petitioner gave trial counsel were fruitless. "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless . . . counsel's failure to pursue those investigations may not later be challenged as unreasonable." (Internal quotation marks omitted.) *Gaines* v. *Commissioner of Correction*, 306 Conn. 664, 681, 51 A.3d 948 (2012).

Further, trial counsel testified that he did not find the issue of hot water particularly relevant because even without hot water, the daughter still could have taken a shower. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." (Internal quotation marks omitted.) *Gonzales* v. *Commissioner of Correction*, 145 Conn. App. 16, 24, 75 A.3d 705, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013). Counsel testified that evidence relating to hot water would have been irrelevant to the defense theory that the petitioner's former wife had conspired with his daughter and the victim to accuse the petitioner of sexual assault. Under the circumstances, trial counsel's decision not to continue the investigation into the hot water issue was reasonable.

On the basis of our review of the record, we conclude that the petitioner has not established that the habeas court's resolution of the allegations in his amended petition is debatable among jurists of reason, that a court could have resolved them in a different manner, or that the questions presented are adequate to deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. The habeas court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The amended petition included additional counts against trial counsel and a claim against appellate counsel. These counts were withdrawn by the petitioner during the habeas hearing and are not subjects of this appeal.